IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DENNIS P. LAPIC, | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Civil Action No. 09-760 |
| | ) | |
| MTD PRODUCTS, INC., t/d/b/a LAWN | ) | Magistrate Judge Mitchell |
| AND GARDEN SERVICE CO., | ) | |
| Defendant. | ) | |

MEMORANDUM AND ORDER

Plaintiff, Dennis P. Lapic, brings this action against Defendant, MTD Products, Inc.,

t/d/b/a Lawn and Garden Service Co. ("MTD"), alleging that he was terminated from his

employment with MTD as a result of being ordered to Active Duty Training by the United States

Army, in violation of his rights under Uniformed Services Employment and Reemployment

Rights Act, 38 U.S.C. §§ 4301-35 (USERRA).

Presently before this Court for disposition is Plaintiff's motion to strike Defendant's

demand for fees and costs and the affirmative defenses asserted in Defendant's answer.  For the

reasons that follow, the motion will be denied.

Procedural History

Plaintiff filed this action on June 12, 2009.  Jurisdiction is based on USERRA, 38 U.S.C.

§ 4323(b)(3).  (Compl. ¶ 4.)  The complaint indicates that Plaintiff is a Master Sergeant with the

United States Military who was hired by MTD as Junior Territory Sales Manager or February 23,

1999 and promoted to Intermediate Territory Sales Manager on December 15, 2003.   Plaintiff

alleges that in April 2005, he was ordered to attend a 4-day military conference and that he was

then ordered to report to Active Duty Training on May 7, 2005, after which he returned to work

on May 23, 2005.

He alleges that, after he returned to work, MTD twice postponed his mid-year performance review and then terminated his employment on June 14, 2005.  Although MTD told Plaintiff that the reason for his termination was "performance," he notes that he had never received any warning, corrective action or discipline and that he had never been placed on a performance improvement plan.  Rather, prior to that time, his performance was consistently rated as meets or exceeds expectations.  Thus, he alleges that his termination was motivated by his military service, in willful violation of USERRA..  As damages, he seeks: full back pay and benefits, full front pay and benefits, pre- and post-judgment interest, an amount equal to his past and future lost wages as liquidated damages under § 4323(d)(1)(C), full attorney fees and costs of suit and such other legal and equitable relief as the Court finds just and proper.  (Compl. at 10.)

On August 13, 2009, Defendant filed an answer to the complaint (Docket No. 5), which included fourteen affirmative defenses.  On August 20, 2009, Plaintiff filed a Motion to Strike Defendant's Demand for Fees and Costs and Defendant's Defenses.  He argues that: 1) Defendant's fifth defense should be stricken because contributory negligence is not a legally valid defense to a claim of discrimination under USERRA; 2) Defendant's first, seventh and eighth defenses should be stricken because they are not affirmative defenses, but merely statements that Plaintiff has failed to limn the elements of his discrimination claim; 3) Defendant's eleventh and twelfth defenses should be stricken because he has not requested punitive damages; 4) all of the affirmative defenses should be stricken on the ground that they have not been pled with sufficient particularity so that he has a fair opportunity to contest them; and 5) Defendant's request for attorney fees and costs should be stricken because USERRA

expressly forbids fee and cost-shifting against plaintiffs.

In response, Defendant has agreed to withdraw its eleventh and twelfth defenses because Plaintiff is not seeking punitive damages and to withdraw from its answer any reference to shifting fees and costs.  However, it argues that: 1) it is not alleging that his own conduct somehow induced MTD to violate USERRA, but rather that Plaintiff's termination was based on his own conduct and not his military status; 2) failure to state a claim may be raised as an affirmative defense; and 3) its defenses are sufficient under Rule 8.

Motion to Strike

Rule 12(f) allows the court to "order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."  Fed.R.Civ.P. 12(f).  "While courts possess considerable discretion in weighing Rule 12(f) motions, such motions are not favored and will generally be denied unless the material bears no possible relation to the matter at issue and may result in prejudice to the moving party."  Miller v. Group Voyagers, Inc., 912 F. Supp. 164, 168 (E.D. Pa. 1996) (citations omitted). The Court of Appeals has stated that courts "should not grant a motion to strike a defense unless the insufficiency of the defense is 'clearly apparent.'"  Cipollone v. Liggett Group, Inc., 789 F.2d 181, 188 (3d Cir. 1986).  See also Lakits v. York, 258 F. Supp. 2d 401, 409 (E.D. Pa. 2003).

Fifth Defense

Defendant's fifth defense states that "Plaintiff's negligence or other wrongful conduct proximately caused and/or contributed to his alleged damages."  (Answer at 5.)  Plaintiff argues that this defense must be stricken because "contributory negligence" is not a defense to intentional discrimination.  Defendant responds that it is not alleging that Plaintiff's own conduct

somehow induced MTD to violate USERRA, but rather that Plaintiff's termination was the result of his own conduct and not his military status.  Plaintiff has misunderstood the fifth defense and it should not be stricken.

<u>First, Seventh and Eighth Defenses</u>

Defendant's first defense states that "Plaintiff's allegations fail to state a claim upon which relief may be granted."  Its seventh defense is that "[a]ny act or failure to act by MTD was not the proximate cause of any damages suffered by Plaintiff."  Its eighth defense is that "Plaintiff's claims are barred because any actions taken or not taken by MTD in connection with Plaintiff were taken or not taken for legitimate, non-discriminatory, non-retaliatory, non-pretextual business reasons as determined by MTD based on its business judgment and in good faith."

Plaintiff argues that these are not affirmative defenses, but simply statements that he has failed to limn the elements of his discrimination claim.  Defendant responds that an employer can set forth, and ultimately has the burden of proving, the affirmative defense that the action would have been taken anyway, absent the USERRA-protected status or activity.  20 C.F.R. § 1002.23(b).  Defendant has the right to present this defense and none of these defenses should be stricken.

In addition, Plaintiff contends that Defendant cannot allege as an affirmative defense that he has failed to state a claim upon which relief could be granted because that is the standard for a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), which Defendant has waived by filing an answer to the complaint.  Defendant responds that Plaintiff is incorrect.

As a district court recently summarized:

Federal Rule of Civil Procedure 12(b) provides that "[a] defense of failure to state a claim upon which relief can be granted may be made in any pleading permitted or ordered under Rule 7(a)." Fed. R. Civ. P. 12(b). Thus, "[t]he Federal Rules specifically permit an averment of failure to state a claim to be raised as an affirmative defense." Cintron Beverage Group, LLC v. Depersia, Civ. A. No. 07-3043, 2008 WL 1776430, at *2 (E.D. Pa. Apr.15, 2008). "[I]t is well-settled that a party can set forth the defense of failure to state a claim as an affirmative defense in the answer." Id. (citing Greiff v. T.I.C. Enter., LLC, Civ. A. No. 03-842, 2004 WL 115553, at *2 (D. Del. Jan. 9, 2004)); see also F.D.I.C. v. Modular Homes, Inc., 859 F. Supp. 117, 122 (D.N.J. 1994) (noting that "[s]ince there is a federal rule on point which recognizes that failure to state a claim upon which relief can be granted is a defense," the defendant will be permitted to raise this defense).

Knit With v. Knitting Fever, Inc., 2009 WL 973492, at *7 (E.D. Pa. Apr. 8, 2009).  Plaintiff is incorrect and Defendant's first affirmative defense will not be stricken.

Insufficiency of Affirmative Defenses

Plaintiff argues that all of the affirmative defenses are insufficient.  Defendant responds that they are sufficient under Rule 8.

"The purpose of requiring the defendant to plead available affirmative defenses in his answer is to avoid surprise and undue prejudice by providing the plaintiff with notice and the opportunity to demonstrate why the affirmative defense should not succeed."  Robinson v. Johnson, 313 F.3d 128, 134-35 (3d Cir. 2002) (citations omitted).  Plaintiff does not contend that Defendant's affirmative defenses deny him the opportunity to demonstrate why they should not succeed.

The Supreme Court recently held that a plaintiff must state "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action" and that the pleader must allege "factual allegations ... enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).  See also Ashcroft v. Iqbal, 129 S.Ct.

1937 (2009) (affirming that the <u>Twombly</u> standard is not limited to antitrust litigation).

However, even if the new standards of <u>Twombly</u> apply to affirmative defenses, Plaintiff has not

demonstrated that Defendant's affirmative defenses fail to give him "fair notice" of the nature of

the defenses and the grounds upon which they rest.  <u>See</u> <u>Kaufmann v. Prudential Ins. Co. of</u>

<u>America</u>, 2009 WL 2449872 (D. Mass. Aug 6, 2009) (noting that Rule 8(c)(1) designates by

name certain "general defenses" and opining that the designation of these listed defenses is

sufficient notice to a plaintiff of their basic thrust).  Therefore, they will not be stricken for this

reason.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

DENNIS P. LAPIC,                          )
      Plaintiff,                      )
                          )
      vs.                             )      Civil Action No. 09-760
                          )
MTD PRODUCTS, INC., t/d/b/a LAWN          )      Magistrate Judge Mitchell
AND GARDEN SERVICE CO.,                   )
      Defendant.                      )

O R D E R

AND NOW, this 17th day of September, 2009,

IT IS ORDERED THAT plaintiff's motion to strike is hereby denied, without

prejudice.

s/Robert C. Mitchell
ROBERT C. MITCHELL
United States Magistrate Judge